**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Asuwafo Ejedawe, | No. CV 06-2708-PHX-SMM (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Phillip Crawford, et al., | |
| Respondents. | |

Petitioner Patrick Asuwafo Ejedawe (A27-918-837) has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The action was stayed to permit Petitioner to either pay the five dollar filing fee or file an application to proceed *in forma pauperis*. Petitioner subsequently paid the five dollar filing fee. The Court will require an answer to the Petition.

**I. Petition**

On May 12, 2005, an immigration judge entered an order for Petitioner's removal from the United States to Nigeria. On March 23, 2006, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. Petitioner's petition for review from the decision of the BIA is currently pending before the United States Court of Appeals for the Ninth Circuit. See Ejedawe v. Gonzales, No. 06-72047 (9th Cir. pet. for review filed Apr. 20, 2006). In an unpublished order filed on September 21, 2006, the court of appeals granted Petitioner's request for a stay of removal. Petitioner alleges that he has been detained in the Eloy

**TERMPSREF**

Detention Center in Eloy, Arizona, since January 13, 2005. Petitioner argues that his lengthy detention while his removal proceedings have been pending is unlawful.

The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). An answer will therefore be required.

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCIV 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

////

////

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Summons, Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2)(A).

(2) Respondents must answer the Petition within twenty (20) days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3) Petitioner may file a reply within twenty (20) days from the date of service of the answer.

(4) The matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 29th day of March, 2007.

Stephen M. McNamee
United States District Judge