**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Asuwafo Ejedawe, | No. CV 06-2708-PHX-SMM (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Phillip Crawford, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Patrick Asuwafo Ejedawe's Petition for Writ of Habeas Corpus. [Doc. 1.] On April 28, 2008, Magistrate Judge Edward C. Voss filed a Report and Recommendation, advising this Court that Petitioner's Petition should be denied and dismissed without prejudice. [Doc. 20.] On May 15, 2008, Petitioner filed an Emergency Motion for an Extension of Time to file Objections to the Report and Recommendation. [Doc. 21.] The Motion was granted, and Petitioner's Objections were filed on June 2, 2008. [Doc. 23.] After considering Judge Voss's Report and Recommendation and the arguments raised in Petitioner's Objections thereto, the Court issues the following ruling.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991). The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to

which objections are filed and for clear error for those facts to which no objections are filed. *See id.; see also Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (failure to file objections relieves the district court of conducting de novo review of the magistrate's factual findings).

## **DISCUSSION**[1]

In his Objections to Magistrate Judge Voss's Report and Recommendation, Petitioner argues that Magistrate Judge Voss erred in distinguishing Petitioner's case from *Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) and *Demore v. Kim,* 538 U.S. 510 (2003), the primary cases used by Petitioner to support his argument that his prolonged detention has been impermissible under §1226(c). As articulated by Magistrate Judge Voss, unlike the petitioner in *Tijani* and *Demore*, the Petitioner in the instant case is not a lawfully admitted resident. Notably, the court in *Tijani* specifically referred to "lawfully admitted resident aliens who are subject to removal" when it concluded that their prolonged detention was not authorized by § 1226(c). *Tijani*, 430 F.3d at 1242. The Court agrees that Petitioner's unlawful reentry into the United States and subsequent administrative removal order puts him in a significantly different category than a lawfully admitted resident awaiting removal.[2]

Petitioner opposes Respondent's contention and the Magistrate Judge's finding that his "ongoing challenges to his administrative removal order have contributed substantially to the length of his detention." The Court recognizes that Petitioner is entitled to seek review of his removal order in the Ninth Circuit and in the Supreme Court, however, the length of his detention is certainly directly attributable to his repeated requests for review. In considering the totality of the procedural history, the Court agrees with Magistrate Judge

---

[1] The detailed procedural history of this case is set forth in Respondents' Answer to the Petition (Doc. 14) and the Magistrate Judge's Report and Recommendation (Doc. 20).

[2] Moreover, Petitioner committed another felony after he reentered. Under these circumstances, the Court finds that continued detention under § 1226(c) is particularly warranted.

- 2 -

Voss. Petitioner filed his petition for review in the Ninth Circuit in April 2006. In June 2007, the Ninth Circuit decided the case. Petitioner, however, then moved for a panel rehearing and rehearing en banc, which was subsequently denied in February 2008. Most recently, Petitioner filed a petition for certiorari in the Supreme Court, which remains pending. Thus, Magistrate Judge Voss is correct in his conclusion that Petitioner's ongoing challenges to his administrative removal order have contributed substantially to the length of his detention.

Having reviewed the legal conclusions of the Report and Recommendation of Magistrate Judge Voss, and the objections made by Petitioner, the Court finds that the Magistrate Judge adequately addressed all relevant issues raised by Petitioner. Accordingly, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of Magistrate Judge Edward C. Voss [Doc. 21.]

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

DATED this 9th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge